

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

November 20, 2025

Application granted. The conference previously scheduled for November 24, 2025 is hereby adjourned until December 9, 2025 at 3:00 p.m.

SO ORDERED.

Hon. Ronnie Abrams
November 24, 2025

VIA ECF
Hon. Ronnie Abrams
United States District Court
40 Foley Square
New York, New York 10007

**Re: *Prespyterian Deli Corp v. U.S., et al.,* No. 25 Civ. 07627 (RA)**

Dear Judge Abrams:

This Office represents the United States and the U.S. Department of Agriculture, Food and Nutrition Service ("FNS") (together, the "Defendants") in the above-referenced case in which the plaintiff appeals from the decision of FNS to impose a six-month disqualification on the plaintiff from the Supplemental Nutrition Assistance Program. I write respectfully to request an adjournment *sine die* of the initial conference that is scheduled for November 24, 2025. *See* Dkt. No. 9. Defendants' response to the complaint is currently due on December 29, 2025.[1] Defendants intend to file a motion to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction, because Plaintiff failed to exhaust its administrative remedies, or in the alternative, for failure to state a claim. Defendants respectfully submit that the initial conference may be adjourned until after the Court has had the opportunity to address this anticipated motion.

In addition, Defendants note that pursuant to Local Civil Rule 16.1, cases such as this one which challenge agency action are by default exempt from the normal requirement to submit a mandatory scheduling order under Fed. R. Civ. P. 16. If the Court were to deny Defendants' anticipated motion to dismiss on threshold grounds, Defendants anticipate seeking a schedule to move for summary judgment on an administrative record of the agency's action. *See Loma Deli Grocery Corp. v. United States*, No. 20 Civ. 7236 (JPC), 2021 WL 4135216 (S.D.N.Y. Sept. 10, 2021) ("courts regularly grant summary judgment motion in SNAP cases without allowing for additional discovery") (collecting cases); *see e.g., Kawran Bazar Inc. United States*, No. 15 Civ. 6109, 2016 7235723, at * 4 (E.D.N.Y. Dec. 13, 2016) (granting summary judgment to defendants where administrative record amply supported FNS's determination). Thus, Defendants respectfully submit that an initial conference under Fed. R. Civ. P. 16 (and the accompanying requirement to submit a case management plan) is not necessary in this matter.

Of course, Defendants are happy to appear for a conference if it would be helpful to the Court. If the Court determines that a conference will go forward and that the parties should submit a proposed case management plan, Defendants respectfully request an adjournment from

[1] Under Amended Standing Order M10-468, 25-mc-00433-LTS, this matter was stayed until November 13, 2025, one business day after the President signed into law a budget appropriation that restored Department of Justice Funding. Pursuant to the operation of the Amended Standing Order, all court deadlines in stayed cases that fell during the shutdown, including scheduling order deadlines, are tolled for 43 days, the period of time equal to the number of calendar days between September 30, 2025, and the date the President signed into law the budget appropriation that restored Department of Justice funding.

November 24, 2025, until December 8, 2025. The reason for the request is that I need more time to provide Plaintiff with the government's position needed for the joint statement that was due to be filed on Monday, November 17, 2025. In addition, I will be away from the Office on leave from November 26 through 28, 2025. I apologize for not requesting this extension sooner, but as explained below, I was only able to turn to this case this week.

This matter was filed shortly before the government was shut down. During the shutdown I was not permitted to work on this case, nor was Agency counsel who was assisting in this matter. In addition, in the first days that the government reopened once the Department of Justice's funding was restored, I was handling a civil immigration matter that had not been stayed during the furlough. Accordingly, I was only able to turn to this matter on Monday of this week. Since then, I have conferred with the Agency regarding this matter and with opposing counsel regarding this request for an adjournment and Plaintiff's request for a stay of the disqualification.

Unfortunately, despite best efforts, I am still in the process of preparing the government's positions regarding the matters that would be addressed in a joint submission and I need additional time to complete that process.

Opposing counsel is away from his Office until November 23, 2023, but we have had periodic email communication regarding this case. He has conveyed that Plaintiff does not consent to this two-week adjournment because the government has not agreed to stay the disqualification at issue in the case pending the litigation. After I communicated with opposing counsel the two-week extension request, upon conferring here, we decided to request the *sine die* adjournment. I conveyed the revised request to opposing counsel by email yesterday, but as of this writing, opposing counsel has not responded. Accordingly, I have not obtained consent to the government's separate request for an extension *sine die*.

This is Defendants' first request for an adjournment of the conference and the corresponding joint submission deadline.

I thank the Court for its consideration of this request.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: s/ *Leslie A. Ramirez-Fisher*
LESLIE A. RAMIREZ-FISHER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-0378
E-mail: leslie.ramirez-fisher@usdoj.gov
*Attorney for Defendants*

cc: Counsel of record (via ECF)